Filed 10/7/16  P. v. Talamantes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C080923 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-136312) |
| v. | |
| RALPH VALENTIN TALAMANTES, JR., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

A felony complaint filed in February 2015 charged defendant Ralph Valentin Talamantes, Jr., with unlawful taking of a vehicle (count one; Veh. Code, § 10851, subd. (a)) and receipt of a stolen vehicle (count two; Pen. Code, § 496d).[1]  The complaint also

---

[1]  Undesignated statutory references are to the Penal Code.

1

alleged defendant was convicted of a prior violation of Vehicle Code section 10851 (§ 666.5), was convicted of prior felonies (§ 667.5, subd. (b)), and incurred a prior strike (§§ 667, subds. (b)-(i), 1170.12).

In proceedings on July 10, 2015, defendant pleaded no contest to count one and admitted the prior strike, in return for the agreement all remaining charges and enhancements would be dismissed at sentencing, and the promise of a four-year state prison sentence.

The prosecutor stated the factual basis for the plea as follows: "On the 20th of February, 2015, in Placer County, the defendant was in possession of a Honda Accord, 3BJX761. He was driving that vehicle in Placer County. And at the time he did that, he knew it was a stolen vehicle; specifically, the vehicle was stolen on February 7th, 2015 out of Chico, California. And in the defendant's possession in the car was a . . . bill of sale indicating that the car was sold by the victim to the defendant himself on . . . February 11th, 2014, approximately one year before the vehicle was actually stolen. When the victim was contacted, he indicated he does not know the defendant, never wrote that bill of sale, and never gave him permission to drive the vehicle. [¶] Prior to that date, [defendant] was convicted, in July of 2011, of attempted arson, pursuant to Penal Code §[§] 664/451(b), which is a Strike pursuant to 1192.7."

During proceedings on August 7, 2015, as agreed, the trial court imposed the four-year state prison sentence, consisting of the two-year midterm on count one, doubled for the strike. During later proceedings on August 14, 2015, the court awarded defendant 181 days of presentence custody credit (91 actual days and 90 conduct days), imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $40 court operations fee (§ 1465.8), a $30 criminal assessment fee (Gov. Code, § 70373), and a $30 bench warrant assessment ($15 for each warrant issued).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and

2

determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                 NICHOLSON        , J.

We concur:

      RAYE              , P. J.

      DUARTE          , J.